Filed 9/24/20  Conservatorship of Thomas CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| Conservatorship of the Person and Estate of FLORENCE THOMAS. | B292792 <br><br> (Los Angeles County Super. Ct. No. 16STPB03259) |
| ZENO TURNER, <br><br> Petitioner and Respondent, <br><br> v. <br><br> EARL TURNER, <br><br> Petitioner and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Clifford Klein, Judge.  Affirmed.

Earl Turner, in pro. per., for Petitioner and Appellant.

Zeno Turner, in pro. per., for Petitioner and Respondent.

————————————————

Earl Turner (Appellant), a self-represented litigant, appeals from the probate court's order appointing his brother, Zeno Turner (Respondent), and his sister, Joyce Sharpe,[1] conservators of their mother's estate and denying his competing petition to be appointed conservator of the estate. Appellant has shown no error, and we affirm the order.

## BACKGROUND

In August 2016, Respondent filed a petition in the Los Angeles County Superior Court Probate Division, seeking to be appointed conservator of the person of his mother, Florence Thomas. In November 2016, Appellant, Respondent's brother, filed multiple oppositions to Respondent's petition. Simultaneously, Appellant filed a competing petition in the San Bernardino County Superior Court Probate Division, seeking to be appointed conservator of the person of his mother.[2] Both

---

[1] Joyce Sharpe did not appear on appeal.

[2] At the time the petitions were filed, Respondent lived in Los Angeles County, Appellant lived in San Bernardino County, and their mother, Florence Thomas, lived in a residential care facility in San Bernardino County. About a year before Respondent filed his petition, he and Thomas were living together in her home in Los Angeles County. Appellant was dissatisfied with the care Respondent was providing to Thomas, and believed his siblings were stealing money from Thomas, so he removed Thomas from her home in or around July 2015 and placed her in the residential care facility in San Bernardino County, without notifying Respondent (or their sister, Joyce Sharpe, who also lived in Los Angeles County and assisted Respondent in caring for Thomas).

Appellant and Respondent filed their petitions as self-represented litigants.

In May 2017, Appellant's petition was transferred to the Los Angeles County Superior Court Probate Division and assigned the same case number as Respondent's petition. In August 2017, the probate court held a bench trial on the two petitions, at which Appellant and Respondent represented themselves. On September 8, 2017, the probate court issued an order granting Respondent's petition to be appointed conservator of the person of Florence Thomas and denying Appellant's petition. The court found Thomas had dementia and lacked capacity to make health care decisions for herself. Thomas was represented by a Probate Volunteer Panel (PVP) attorney in connection with the petitions. On October 26, 2017, the court issued its order appointing Respondent conservator of Thomas's person.[3]

On August 8, 2017, during the above-mentioned trial, Appellant, as a self-represented litigant, filed an amended

_____

[3] The petitions for appointment of conservator *of the person* and the October 26, 2017 order appointing Respondent conservator *of the person* of Florence Thomas are not before us on appeal. Any challenge in Appellant's appellate brief to these prior proceedings is time-barred because the time to appeal had long passed when Appellant filed the current appeal in September 2018. The matter before us involves only the competing petitions for appointment of conservator *of the estate*, filed by Appellant on the one hand and Respondent and Sharpe on the other, the August 7, 2018 order granting Respondent and Sharpe's petition, and the October 1, 2018 order appointing Respondent and Sharpe conservators *of the estate* of Florence Thomas, which we address below.

petition under the same probate case number, seeking appointment as the conservator of Thomas's estate, in addition to conservator of her person. On September 11, 2017, Respondent, through counsel, filed a competing petition to be appointed conservator of the estate. The same day, Respondent's counsel also filed on his behalf an ex parte petition for appointment as temporary conservator of the estate. At an October 18, 2017 hearing, the probate court granted Respondent's petition to be appointed temporary conservator of Thomas's estate. On January 6, 2018, Respondent and Sharpe, through counsel, filed a joint petition for appointment as conservators of their mother's estate.

On March 23, 2018, Thomas's PVP attorney filed a report regarding the competing petitions for appointment of conservator of the estate, recommending the probate court appoint Respondent and Sharpe as conservators of Thomas's estate and reject Appellant's bid to be conservator. Counsel stated in the report that Appellant had "acted contrary to [Thomas's] best interests in the matter of her estate." Specifically, after Respondent and Appellant had filed their petitions for appointment of conservator of the person and Appellant had filed his petition for appointment of conservator of the estate, Appellant sold Thomas's residence, "[u]sing a power of attorney, which was subsequently determined by the [probate] Court to be invalid," and failed to turn over to the PVP attorney a portion of the proceeds from the sale or provide an accounting for that portion of the proceeds. Appellant also attempted to sell Thomas's rental property, "but the sale was cancelled." For these reasons, counsel did not "see [Appellant] as a legitimate candidate to handle [the] estate." Counsel also stated in the

4

report that he had "no hesitation" in recommending the probate court grant Respondent and Sharpe's petition to be conservators of the estate, as they "apparently have both the interest and time to devote to the administration of the property and to prosecute actions to recover any estate assets to which the conservatorship is entitled." Counsel noted, however, that at the time of the August 2017 trial, Thomas had expressed a preference for Appellant as a potential conservator.

Respondent remained the temporary conservator of Thomas's estate through the bench trial on the petitions for appointment of conservator of the estate, held in July 2018. Respondent and Sharpe were represented by counsel at the July 2018 trial; Appellant represented himself; and the PVP attorney represented Thomas. Respondent and Sharpe testified at trial. Appellant cross-examined Respondent and conducted direct examination of Sharpe. Apparently Appellant testified at the July 2018 trial on the petitions for appointment of the conservator of the estate, but that testimony is not included in the record before us.[4]

After the July 2018 trial, the PVP attorney submitted another report, reiterating his recommendation that the probate court appoint Respondent and Sharpe as conservators of Thomas's estate and reject Appellant's bid to be conservator. Counsel stated in the report that Thomas now had no preference

[4] If any additional witnesses testified at the July 2018 trial, the testimony is not included in the record before us. The reporter's transcript from July 9-10, 2018, that is included in the record on appeal, states that it is a "partial" transcript of the proceedings held on these two days.

regarding who should be her conservator (although earlier she had expressed a preference for Appellant, as set forth above).

Both Respondent and Appellant filed closing argument briefs, Respondent through counsel and Appellant on his own behalf. In his brief, Appellant suggested that the matter of appointment of conservator of the person, which was tried the year before in August 2017, "be retried," so Appellant could introduce additional exhibits and testimony from Maria Landaverde, the tenant in Thomas's rental property.[5]

On August 7, 2018, the probate court issued a minute order, granting Respondent and Sharpe's petition to be appointed conservators of Thomas's estate and denying with prejudice Appellant's petition to be appointed conservator of the estate. In the order, the court set forth its reasons, based on the testimony presented at trial, including: (1) that Respondent and Sharpe had qualified for a bond as conservators;[6] (2) that Respondent and Sharpe "were more organized with their record keeping and financial records than [Appellant]"; (3) that Appellant's "sale of

---

[5] Respondent called Landaverde as a witness at the August 2017 trial, in support of Respondent's petition for appointment of conservator of the person of Florence Thomas. The probate court struck Respondent's direct examination of Landaverde, finding the testimony was irrelevant to the issue of who should be conservator of the person. Accordingly, Appellant did not cross-examine Landaverde during the August 2017 trial. We mention these facts because they relate to Appellant's contentions on appeal.

[6] In Respondent's closing argument brief, Respondent's counsel argued Appellant was not bondable as conservator, citing Appellant's deposition testimony regarding his financial condition and history of court cases.

his mother's house should have been disclosed to the court as the conservatorship of the estate hearing was pending, and it appears [the house] sold for substantially less than market value"; and (4) that Thomas had named Respondent as executor in her will, which she signed in 2009.

On September 20, 2018, Appellant filed a notice of appeal from the August 7, 2018 minute order on the petitions for appointment of conservator of the estate. On October 1, 2018, the probate court issued its order appointing Respondent and Sharpe conservators of Thomas's estate. We construe Appellant's appeal as being taken from the October 1, 2018 order. "An order appointing a conservator is an appealable order." (*Conservatorship of Sanderson* (1980) 106 Cal.App.3d 611, 613, fn. 1.)

## DISCUSSION

In his appellate brief, Appellant contends that at the trial on the competing petitions for appointment of conservator of the estate, the probate court abused its discretion in placing "limits and restrictions" on Appellant's cross-examination of witnesses, which prevented him "from establishing impeachment, falsity and conspiracy of these witnesses," and ultimately prevented him from becoming conservator of his mother's estate. He also contends the probate court abused its discretion in excluding 40 exhibits he sought to introduce at the trial.[7]

_____

[7] Appellant also indicates in his brief that he takes issue with probate court proceedings that occurred on October 18, 2018. He does not describe the proceedings or cite to anything in the record that reflects such proceedings. The record includes an October 18, 2018 order granting Respondent's ex parte petition for an order authorizing the PVP attorney and Respondent to take certain actions in connection with the conservatorship of the

7

A trial court's discretion to admit or exclude evidence is broad.  (*Zhou v. Unisource Worldwide* (2007) 157 Cal.App.4th 1471, 1476.)  The exercise of that discretion will not be disturbed on appeal unless the appellant demonstrates that the court's decision was arbitrary, capricious, or patently absurd and resulted in a miscarriage of justice.  (*San Lorenzo Valley Community Advocates for Responsible Education v. San Lorenzo Valley Unified School District* (2006) 139 Cal.App.4th 1356, 1419.)

Our analysis in this appeal is governed by the "fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment."  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)  " 'To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.  [Citations.]'  [Citation.]  'Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review.'  [Citation.]  'Hence, conclusory claims of error will fail.' "  (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457; accord, *Phillips v. Campbell* (2016) 2

estate.  Appellant does not specify which portions of the October 18, 2018 order, if any, he challenges or explains how the October 18, 2018 order is related to his contentions on appeal regarding the probate court's exclusion of evidence he sought to introduce at the July 2018 trial on the petitions for appointment of conservatorship of the estate.

Cal.App.5th 844, 853.)  An appellant's brief should "point out portions of the record that support the position taken on appeal. The appellate court is not required to search the record on its own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

As explained in more detail below, Appellant's conclusory contentions, without supporting facts or argument, are insufficient to demonstrate error entitling Appellant to relief.

## I.    Cross-Examination of Witnesses

Appellant contends that at the trial on the competing petitions for appointment of conservator of the estate, the probate court placed limits and restrictions on Appellant's cross-examination of Respondent, Sharpe and Maria Landaverde (the tenant in Thomas's rental property).[8]  Appellant did not set forth in his appellate brief the nature of the purported limits and restrictions.  Nor did he explain what testimony he would have elicited from the witnesses or argue how additional testimony

---

[8] The record before us from the July 9-10, 2018 trial on the petitions for appointment of conservator of the estate does not include any testimony from Maria Landaverde.  As explained above, Respondent called Landaverde as a witness at the August 2017 trial, in support of Respondent's petition for appointment of conservator of the person of Florence Thomas.  The probate court struck Respondent's direct examination of Landaverde, finding the testimony was irrelevant to the issue of who should be conservator of the person.  Accordingly, Appellant did not cross-examine Landaverde at the August 2017 trial.  Evidence introduced at or excluded from the August 2017 trial on the petitions for appointment of the conservator of the person is not before us on Appellant's appeal from the October 1, 2018 order appointing Respondent and Sharpe conservators of their mother's estate.

could have impacted the probate court's appointment of a conservator. Although Respondent pointed out these deficiencies in his respondent's brief and indicated the lack of specificity made it difficult to respond to Appellant's contentions, Appellant did not file a reply brief on appeal.

In the opening appellate brief, in support of the contention regarding limits and restrictions on cross-examination, Appellant cited three pages of the reporter's transcript from the July 2018 trial on the petitions for appointment of conservator of the estate. He did not explain what these three pages show or how the proceedings before the probate court reflected on these pages relate to his contentions in this appeal.

On the first page of the reporter's transcript that Appellant cited, the probate court explained to Appellant that in cross-examining Respondent regarding the condition in which Respondent maintained Thomas's residence, and whether that residence was habitable for Thomas, Appellant did not need to question Respondent about "every square inch of the property." The court instructed Appellant "to focus a little more" in his cross-examination. The court asked Appellant for a time estimate for the remainder of his cross-examination of Respondent, and Appellant responded, "Two and a half, three hours." The court stated, "No, I don't see why -- we are not going through every doorknob."

On the second page of the reporter's transcript that Appellant cited, the probate court noted it had "imposed time limits on [Appellant] for cross-examination" of Respondent. Presumably the court was referring to its rejection of Appellant's two-and-a-half-to-three hour estimate for cross-examination of Respondent. On the third page of the reporter's transcript that

10

Appellant cited, the court stated during Appellant's continued cross-examination of Respondent, "Once again, I am telling you [that] you will be done at 11:30 [a.m.]" It is not clear from the record the total amount of time that Appellant cross-examined Respondent on July 9 and 10, 2018.

Appellant has not demonstrated error. He does not set forth any questions he wanted to ask Respondent during cross-examination that he was not permitted to ask. He does not point to anything in the appellate record indicating the probate court placed limits or restrictions on his examination of Sharpe. The record before us does not indicate that either he or Respondent called (or requested to call) Maria Landaverde as a witness at the July 2018 trial on the petitions for appointment of conservator of the estate. Appellant does not specify any testimony he wanted to introduce but was precluded from introducing, let alone any testimony that could have helped his case to be appointed conservator of his mother's estate.

## II.    Trial Exhibits

Appellant did not identify in his appellate brief any of the 40 exhibits he claims the probate court excluded or explain how introduction of the exhibits could have supported his bid to be conservator of his mother's estate. Nor did he include citations to the record reflecting the probate court's rulings regarding such exhibits (or citations to the exhibits themselves). Appellant stated in his appellate brief that the exhibits were attached to his brief; they were not. Respondent pointed out in his appellate brief that Appellant did not identify the exhibits or attach them to his brief as represented. Appellant did not file a reply brief on appeal.

11

" 'The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.' [Citations.]  It is the duty of [the appellant] to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.]  If no citation 'is furnished on a particular point, the court may treat it as waived.' [Citation.]  We find this is an appropriate case in which to apply the waiver rule." (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.)  Without direction from Appellant regarding what exhibits or probate court rulings his contention of evidentiary error relates to, we are unable to review the contention and find it waived.

In this appeal, Appellant has not demonstrated the probate court erred.  With his conclusory contentions about evidence the probate court excluded, and lack of supporting facts or argument, Appellant has not shown the probate court exercised its broad discretion regarding evidentiary matters in an arbitrary, capricious, or patently absurd manner that resulted in a miscarriage of justice.  Accordingly, we must affirm the order from which Appellant appeals.

12

## DISPOSITION

The order appointing respondent Zeno Turner and Joyce Sharpe conservators of Florence Thomas's estate is affirmed. Respondent Zeno Turner is entitled to recover costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

SINANIAN, J.*

---

* Judge of the Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.